IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) ) ) | |
| JOHN CROWELL SCOTT, | ) ) | CASE NO. 06-80176-G3-13 |
| Debtor | ) ) | |

## MEMORANDUM OPINION

The court held a hearing on the Motion To Dismiss Case With Prejudice (Docket No. 9) and the Motion To Reconsider Order Allowing Conversion from Chapter 7 to Chapter 13 (Docket No. 16) filed by William E. King ("King") and after consideration of the motions, responses filed thereto, the pleadings, Joint Stipulation of Facts (Docket No. 41) and argument of counsel, the court makes the following findings of fact and conclusions of law dismissing the above captioned Chapter 13 bankruptcy proceeding. In the event any findings of fact are construed to be conclusions of law, they are hereby adopted as such. In the event any conclusions of law are construed to be findings of fact, they are hereby adopted as such.

## FINDINGS OF FACT

1. John Crowell Scott, Debtor, filed a voluntary Chapter 7 proceeding, pro se, on May 24, 2006. Docket No. 1; Joint Stipulation of Fact.

2. King, an unsecured judgment creditor, moved to dismiss the Chapter 7 proceeding on grounds that the petition was filed in bad faith.  Docket No. 9.  Debtor obtained counsel and filed a Motion To Convert Case to Chapter 13, which was granted by the court on July 24, 2006.  Docket Nos. 12 and 13

3. Thereafter, King filed a Motion to Reconsider the conversion of the case to a Chapter 13 proceeding on the basis that Debtor is not eligible for relief under Chapter 13.  Docket No. 16; Joint Stipulation of Fact.

4. Section 109(e) states as follows:

> (e) Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $307,675 and noncontingent, liquidated, secured debts of less than $922,975 or an individual with regular income and such individual's spouse...may be a debtor under Chapter 13 of this title.

5. The court takes judicial notice of this bankruptcy proceeding and all state court documents attached to pleadings filed in the above captioned case.

6. The parties stipulated that King's debt is based upon a judgment rendered after a state court jury trial, and a "Motion for New Trial" was pending at the time this bankruptcy proceeding was filed.  Since then, the judgment has been appealed by the Debtor.  Joint Stipulation of Facts.  Based on the stipulation that the judgment has been appealed, the court

assumes that the Debtor's request for new trial was denied by the state court.

7.   Debtor's Chapter 7 Schedules reflect no secured claims and no unsecured priority claims.  King is the only listed creditor in these schedules.  Schedule F reflects that King's claim, in the amount of $600,000, is disputed, nonpriority, and unsecured.  Docket No. 1.

8.   After conversion, Debtor filed Amended Schedules on August 7, 2006.  Docket No. 19.  The Amended Schedules add an unsecured priority claim in the amount of $5,626 for attorney's fees owed to Debtor's current bankruptcy counsel.  In addition to King's claim, Amended Schedule F includes numerous unsecured nonpriority claims in the approximate amount of $18,830.  These additional unsecured nonpriority claims consist mostly of credit card and charge account debts.  Other than King's claim, none of the debts added by the Amended Schedules are listed as contingent, unliquidated, or disputed.

9.   Amended Schedule F lists King as an unsecured creditor but the amount of the claim was amended and is presently $605,750.  Amended Schedule F not only reflects King's debt as disputed, but also as contingent and unliquidated.  Docket No. 19.

10.  The applicable eligibility requirement to be considered by the court is whether the Debtor owed noncontingent,

liquidated, unsecured debts of less than $307,675 when the petition was filed.  The dollar limit applies only to debts that are noncontingent and liquidated at the petition filing date.

11.  A debt is liquidated if its amount is readily calculable.  A debt is noncontingent if all events that are conditions precedent to liability have occurred pre-petition.  *See In re Knight*, 55 F.3d 231 (7th Cir. 1995).

12.  The court finds that King's claim was liquidated as of the petition date as the amount was readily determinable by the state court judgment.  Further, the court finds that King's claim is not contingent.  Debtor's legal duty to pay came into existence pre-petition and is not dependant upon the occurrence of a future event.

13.  The court finds that Debtor's total non-contingent, liquidated, unsecured debt, as reflected by his schedules, is $624,456.  This figure is well over the debt limits for Chapter 13 eligibility.  The court finds that Debtor is not eligible for Chapter 13 relief.

14.  Debtor and King stipulated that they do not object to dismissal of the instant bankruptcy proceeding if the court finds that the Debtor is ineligible for Chapter 13 relief.  Joint Stipulation of Fact.

CONCLUSIONS OF LAW

    1.  Section 109 is a rule governing eligibility for relief. It is not characterized in terms of venue or jurisdiction by the statute itself, and it is clear that it is not jurisdictional. *Promenade Nat'l Bank v. Phillips (In the Matter of Phillips)*, 844 F.2d 230 (5th Cir. 1988).

    2.  The burden of proof to establish eligibility is on the party filing the petition. *In re Montgomery*, 37 F.3d 413 (8th Cir. 1994).

    3.  Section 109(e) of the Bankruptcy Code provides that Chapter 13 is available only if noncontingent, liquidated, unsecured debt is less than $307,675. 11 U.S.C. § 109(e).

    4.  Eligibility for Chapter 13 relief is dependent upon whether the Debtor owed noncontingent, liquidated, unsecured debts of less than $307,675 when the petition was filed. The dollar limit applies only to debts that are noncontingent and liquidated, regardless of whether the debt is disputed.

    5.  Courts have generally held that a debt is "liquidated" if its amount is readily and precisely determinable, as where the claim is determinable by reference to an agreement, judgment, or by a simple computation. A debt is liquidated if the amount due can be determined with some degree of precision. *See In re Kutner,* 3 B.R. 422 (Bankr. N.D.Tex. 1980); *In re*

*Albano,* 55 B.R. 363 (Bankr. N.D. Ill. 1985); *Sylvester v. Dow Jones & Co*, 19 B.R. 671 (9th Cir. BAP 1982).

      6.  A claim is contingent as to liability if the debtor's legal duty to pay does not come into existence until triggered by the occurrence of a future event.  A debt is noncontingent if all events that are conditions precedent to liability have occurred pre-petition.  *In re Knight*, 55 F.3d 231 (7th Cir. 1995).

      7.  A final, binding judgment is not required for a debt to be noncontingent or unliquidated.  Similarly, the fact that a judgment is on appeal does not make the debt noncontingent or unliquidated.  A judgment on appeal represents a liability which is fixed and noncontingent and remains a final, enforceable judgment until it is reversed, if ever, on appeal.  *See In re Nicholes*, 184 B.R. 82, 88 (BAP 9th Cir. 1995); *In re Cluett, II*, 90 B.R. 505, 507 (Bankr. M.D. Fla. 1988).  *See also*, *In re Wiencko*, 275 B.R. 772 (Bankr. W.D. Va. 2002); *In re Myers*, 34 B.R. 136 (E.D. Pa. 2005); *In re Miloszar*, 238 B.R. 266 (D. N.J. 1999).

      8.  A Chapter 7 debtor is ineligible to convert his case to chapter 13 if, at the time of his petition, a judgment had been rendered against him in an amount that exceeded the limits for Chapter 13 relief.  *See In re Nikoloutsos*, 199 F.3d 233 (5th Cir. 2000).  The Fifth Circuit Court found that a

judgment for compensatory damages entered against a debtor (in excess of $600,000 in that case), established a noncontingent, liquidated, unsecured debt.

Based upon the foregoing Findings of Fact and Conclusions of Law, the Motion To Dismiss Case With Prejudice (Docket No. 9) and the Motion To Reconsider Order Allowing Conversion from Chapter 7 to Chapter 13 (Docket No. 16) filed by William E. King are granted in part and denied in part.  Due to Debtor's ineligibility to file for relief under Chapter 13, the instant bankruptcy proceeding is dismissed.

Signed at Houston, Texas on this 1st day of November, 2006.

_____
LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE